[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11903
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2012
JOHN LEY
CLERK

D. C. Docket No. 4:10-cr-00362-AKK-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY PAUL BROWN,
a.k.a. Larry Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 25, 2012)

Before EDMONDSON, HULL, and BLACK, Circuit Judges.

PER CURIAM:

Jeffrey Paul Brown appeals his 27-month sentence for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). No reversible error has been shown; we affirm.

Brown was convicted of child molestation in Georgia in 1996. Although Brown registered properly as a sex offender following his release from prison, he later stopped complying with the registration requirements. As a result, Brown was convicted in Georgia and was sentenced to three years' probation for failure to register as a sex offender. A few years later -- because of Brown's continuing failure to comply with the sex offender registration requirements -- Brown was arrested in connection with this case. In addition to the federal conviction at issue on appeal, Brown was also convicted by both Alabama and Georgia for failure to register as a sex offender. Brown was sentenced to 10 years' imprisonment for his Alabama conviction and to a concurrent term of 12 years' imprisonment for his Georgia conviction. On Brown's federal conviction, the district court imposed a 27-month sentence to run consecutive to Brown's existing state sentences.

On appeal, Brown argues that the district court erred under U.S.S.G. § 5G1.3(b) in imposing his federal sentence consecutive to his undischarged state

sentences when all three convictions arose from the same underlying conduct. Because Brown failed to raise this objection in the district court, we review only for plain error.[1] See United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006) (stating that when a defendant's objection "is not clear enough to inform the district court of the legal basis for the objection, . . . the objection is not properly preserved.").

Under section 5G1.3(b), when a defendant has an undischarged sentence for an "offense that is relevant to the instant offense and <u>resulted in an increase in the offense level of the instant offense</u>, the district court should . . . order that the instant sentence run concurrently with the sentence for the prior offense." United States v. Knight, 562 F.3d 1314, 1329 (11th Cir. 2009) (emphasis added) (citing section 5G1.3(b)). Because Brown's state convictions were not used to increase his offense level in this case, section 5B1.3(b) did not apply.[2] Thus, the district court had discretion to impose Brown's sentence "to run concurrently, partially

---

[1]Brown failed to object to the statement in the Presentence Investigation Report ("PSI") that, pursuant to U.S.S.G. § 5G1.3(c), Brown's sentence could "be imposed to run concurrently, partially concurrently, or consecutively" to his existing undischarged state sentences. And although Brown requested that the district court impose his sentence concurrent to his existing sentences, he presented no argument in support of his request and failed to object to the district court's final sentence.

[2]Although Brown received three criminal history points as a result of his Georgia conviction, his offense level was not increased.

3

concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." See U.S.S.G. § 5G1.3(c).

Brown also argues that his sentence procedurally is unreasonable because the district court failed to explain its reasons for imposing a consecutive sentence and failed to indicate that it had considered the 18 U.S.C. § 3553(a) factors in imposing a consecutive sentence.[3]  We review "all sentences . . . for reasonableness under an abuse of discretion standard."  United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc).  Although plain error applies where -- as in this case -- the defendant failed to raise an issue below, see United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), we have not applied plain error to an inquiry about the reasonableness of a sentence.  And it is unnecessary to decide whether plain error applies in this case because Brown's arguments fail under either standard.

A sentence might be procedurally unreasonable if the district court fails to consider the factors set forth in section 3553(a) or fails to explain adequately the chosen sentence.[4]  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir.

---

[3]Brown does not challenge the procedural or substantive reasonableness of the length of his 27-month sentence.  Instead, his argument on appeal is limited to the reasonableness of the consecutive nature of his sentence.

[4]Under section 3553(a), a district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide

4

2008).  In explaining a sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  Rita v. United States, 127 S.Ct. 2456, 2468 (2007).

That the district court considered the section 3553(a) factors in imposing Brown's consecutive sentence is clear.  At the sentencing hearing, the court stated that the sentence imposed was reasonable in the light of the section 3553(a) factors and identified specifically those factors set forth in subsections (a)(1) and (a)(2)(A), (B), and (C).  Because the court addressed the section 3553(a) factors immediately after announcing that Brown's sentence would run consecutive to his state sentences, we reject Brown's argument that the court considered the section 3553(a) factors only in determining the length of his sentence, but not in determining that his sentence would run consecutively.

We are also satisfied that the district court considered the parties' arguments and had a reasoned basis for imposing a consecutive sentence.  See Rita, 127 S.Ct. at 2468.  In considering Brown's request for a concurrent sentence, the court inquired about the length of Brown's state sentences and considered both parties'

---

adequate deterrence, respect for the law, and protection of the public, the defendant's medical and educational needs, the advisory guideline range, the Sentencing Commission's policy statements, and the need to avoid unwarranted sentencing disparities and provide restitution.  See 18 U.S.C. § 3553(a)(1)-(7).

arguments on the amount of time that Brown would likely serve under each of those sentences.

Brown also argues that his sentence substantively is unreasonable because his consecutive state and federal sentences effectively exceeded both the statutory maximum sentence and the sentencing guideline range for his federal offense. But statutory maximum sentences and sentencing guideline ranges apply only to the instant offense, not to an aggregate sentence resulting from consecutive sentences. Thus, contrary to Brown's argument, his 27-month sentence for the instant offense is both well-below the 10-year statutory maximum sentence for his offense and at the low end of the 27 to 33-month advisory guideline range.[5] It is also well-established that federal courts can impose a federal sentence to run consecutive to a defendant's state sentence. See United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993). And when multiple sentences are imposed at different times, a statutory presumption exists that the sentences will run consecutively. See 18 U.S.C. § 3584; Ballard, 6 F.3d at 1506. Thus, Brown has failed to demonstrate that his consecutive sentence is unreasonable.

---

[5]We note that -- due to a typographical error in the PSI -- the district court determined that Brown's total offense level was 12 instead of 13. As a result of this error, the court calculated Brown's guideline range as 27 to 33 months' imprisonment instead of 30 to 37 months' imprisonment. Because neither party raises this issue on appeal, we need not address it.

AFFIRMED.